# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Marquavis Jerold Lewis**                    **Docket No. 5:24-CR-143-1M**

### Petition for Action on Supervised Release

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Marquavis Jerold Lewis, who upon an earlier plea of guilty to Transportation of Individuals in Interstate Commerce to Engage in Prostitution, in violation of 18 U.S.C. §§ 2421 and 2, was sentenced in the Middle District of North Carolina by the Honorable Loretta C. Biggs, U.S. District Judge, on September 12, 2017, to the custody of the Bureau of Prisons for a term of 60 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years.

Marquavis Jerold Lewis was originally released from custody on October 5, 2021, at which time the original term of supervised release commenced.

On April 18, 2024, transfer of jurisdiction was received from the Middle District of North Carolina, and the case was assigned to Your Honor.

On May 29, 2024, a revocation hearing was held, and the original term of supervised release was revoked. The defendant was ordered committed to the custody of the Bureau of Prisons for a period of 3 months. Upon release, the defendant shall be on supervised release until the original expiration date of February 4, 2027, pursuant the mandatory and standard conditions adopted by the Eastern District of North Carolina, as well as the following special condition: The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations, or other activities as approved by the probation officer. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all the program requirements, instructions and procedures provided by the supervising officer.

Marquavis Jerold Lewis was released from custody on October 31, 2025, at which time the current term of supervised release commenced.

On November 5, 2025, a Petition for Action was submitted to the court advising that as a result of the violation conduct that led to the defendant's term of supervised release being revoked, a revocation hearing was held on October 11, 2024, with the United States Parole Commission, where this term of supervision was also revoked. Lewis received a term of imprisonment of 18 months in the Bureau of Prisons. It was ordered upon release that Lewis serve an additional term of supervised release of 36 months with a multitude of additional conditions. One of the special conditions is as follows: Effective immediately (or immediately upon release if you are still in custody), you shall be subject to the Global Positioning Systems monitoring program inclusive to curfew and or exclusions zones for a period of 120 days from date of installation. In imposing the above-referenced special condition, the Commission finds it be reasonably related to the nature and circumstances of your case, protects the public, and provides deterrence from future criminal acts. The Commission also finds that the special condition imposes no greater deprivation of liberty than is reasonably necessary to serve the purposes identified above. It was respectfully recommended that the defendant's condition of home detention with radio frequency monitoring for 90 days be modified to curfew with the use of GPS monitoring as Lewis is already on GPS monitoring through his parole conditions. It was also recommended that due to the defendant's instant offense of Transportation of Individuals in

Interstate Commerce to Engage in Prostitution, in violation of 18 U.S.C. §§ 2421, and 2, that the conditions of supervised release be modified to have the defendant submit to a psycho-sexual evaluation. The defendant signed a Waiver of Hearing agreeing to the proposed modifications and the court agreed.

At the revocation hearing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions, and procedures provided by the supervising officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**Marquavis Jerold Lewis**
**Docket No. 5:24-CR-143-1M**
**Petition For Action**
**Page 4**

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: June 10, 2026

## ORDER OF THE COURT

Considered and ordered this ___11th___ day of ___June___, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief U.S. District Judge